FILED
NOV 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREEM ASHE<br>5906 Clay Street, N.E.<br>Washington, D.C.  20019<br>202-396-8701<br>    Plaintiff<br><br>            v.<br><br>GIANT OF MARYLAND, LLC.,<br>6300 Sheriff Road<br>Landover, Maryland  21202<br><br>    Defendant<br><br>SERVE:<br>CSC LAWYERS INCORPORATING SERVICE<br>COMPANY<br>Registered Agent<br>11 E. Chase Street<br>Baltimore, Maryland  21202 | CASE NUMBER  1:05CV02299<br><br>JUDGE: John D. Bates<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 11/29/2005<br><br>JURY ACTION |

## COMPLAINT

1. This is a civil action arising out of discrimination by defendant Giant of Maryland, LLC, et al. ("Giant") in the course of Giant's employment of, and in the constructive termination of plaintiff Kareem Ashe ("Ashe"). This action is brought under Title VII, of the Civil Rights Acts of 1964, and 1991, as amended; claims based on breach of contract, employment discrimination, and diversity of citizenship, arising under the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

### PARTIES

2. Ashe is a resident and citizen of the District of Columbia. Plaintiff at all times during the course of his employment by Giant performed his job duties in an acceptable manner.

RECEIVED
NOV - 8 2005

3. Giant is a Corporation resident pursuant to the laws of the District of Columbia, with its principal place of business in the District of Columbia. Giant is an "employer" within the meaning of 42 U.S.C. § 2000e(b). Giant has had more than 300 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ashe's claims pursuant to 28 U.S.C. § 1331 and pursuant to 42 U.S.C. § 1331 and pursuant to 42 U.S.C. § 2000e-5(f)(3).

5. The parties are of diverse citizenship, and the amount in controversy in this action exceeds the sum of $50,000.00 exclusive of the interest and costs. This Court has jurisdiction over plaintiff's claims under the District of Columbia common law pursuant to the doctrine of pendent jurisdiction.

6. Giant is subject to the personal jurisdiction of this Court.

7. The unlawful employment practices complained of were committed in this judicial district and Ashe would have worked in this judicial district, but for the unlawful employment practices. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3).

8. Giant resides in this judicial district within the meaning of 28 U.S.C. § 1391, and a substantial part of the events or omissions giving rise to this claim occurred in this district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

On January 1, 2005, I received a Disciplinary Notice stating that I was in Violation of Company Policy for wearing a "Doo Rag" to work.

On Sunday, January 02, 2005, I provided a written response to the Disciplinary Notice I received on Dec. 19, 2004 and to respond to the Disciplinary Notice I received on Jan. 1, 2005 regarding Violation of Company Policy. In my written response I stated: On Dec. 19, seven (7) days after responding to a Disciplinary Notice I received from you dated Dec. 12, 2004. I responded to you in a written complaint dated December 13, 2004 that you were violating my employee rights by forcing me a Part Time employee to work extra hours without any advance notice. As a direct result of my responding to the above mentioned Disciplinary Notice dated December 12, 2004. It is my belief that I am now being retaliated against by Rodney Harris, Asst. Manager. I also stated to Rodney Harris in my response that to add insult to injury, your Disciplinary Notice dated Dec 19, 2004 states "**On Sunday 12/19/04 Kareem was instructed 3X by management to remove his "Doo-Rag" and follow the company policy of wearing his food safety hat.**" Being an African American Male in the 21st Century, it is widely known that both Male and Female African American's wear African American hairstyles such as corn rows, braids, locks, etc. It is also widely known and a n excepted fact that the Doo-Rag that you so vividly stated was used during the reconstruction period for former Slaves who wanted their hair to look like White People. The Doo-Rag is a square shaped cloth that's used to keep a Konk (old Negro Hairstyle) in place. I don't own a Doo-Rag. As African American's we are now throwing away any shackles of slavery (Doo-Rag). Being the proud African American Male that I am. I proudly wear corn-rows exposing my truest self, which is the right of any African American Citizen.

To prevent fish scales from getting into my hair, I wear a traditional skull cap. The Giant Food Safety Hat goes on top of my skull cap. The Giant Safety Hat brakes my hair. Putting the skull cap on first protects my hair. I have been wearing a skull cap under my Giant Safety Hat for fifteen (15) months without a problem until I responded to your Disciplinary Notice dated December 12, 2004. After responding to Rodney Harris Disciplinary Notice dated December 12, 2004, I am now being retaliated against and feel like my Civil Rights have been grossly violated by Rodney Harris

## COUNT ONE

### DISCRIMINATION IN THE COURSE OF EMPLOYMENT

12. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

13. Giant, through its agents and officers, harassed, discriminated, and retaliated against Ashe on account of his race (black), and his sex (male), during the course of his employment by Giant. This harassment, discrimination, and retaliation was with respect to Ashe's terms, conditions, and privileges of employment, creating a constructive and managed hostile and intolerable work environment constituting a violation of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

14. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the Equal Pay Act of 1963, as amended and the Whistle Blower Act.

15. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT TWO
### RETALIATORY CONDUCT DURING THE COURSE OF EMPLOYMENT

16. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

17. Giant, through its agents and officers, retaliated against Ashe during the course of his employment by Giant, because of Ashe's allegations of discrimination, unequal pay, hostile work environment, and retaliation. This constituted a violation of the Equal Pay Act of 1963, as amended and the Whistle Blower Act.

18. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the Equal Pay Act of 1963, as amended and the Whistle Blower Act.

19. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continues to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT THREE
### RETALIATION LEADING TO TERMINATION OF EMPLOYMENT

20. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

21. Giant, through its agents and officers, retaliated against Ashe by constructively terminating his employment, constructively discharging him, because of Ashe's allegations of discrimination, hostile work environment, and retaliation. This constituted a violation of the Equal Pay Act of 1963, as amended and the Whistle Blower Act.

22. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the Equal Pay Act of 1963, as amended and the Whistle Blower Act.

23. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### COUNT FOUR
### DISCRIMINATION ON THE BASIS OF RACE IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE EQUAL PAY ACT OF 1963 & WHISTLE BLOWER ACT

24. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

25. During the course of his employment by Giant, Giant discriminated against Ashe on the basis of his race with respect to pay, terms, conditions, or privileges of employment, and otherwise

adversely affected Ashe status as an employee on the basis of his race in violation of the Equal Pay Act of 1963, as amended and the Whistle Blower Act.

26. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

27. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

**COUNT FIVE**
**DISCRIMINATION ON THE BASIS OF SEX IN THE COURSE OF EMPLOYMENT IN VIOLATION OF THE EQUAL PAY ACT OF 1963 & WHISTLE BLOWER ACT.**

28. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

29. During the course of his employment by Giant, Giant discriminated against Ashe on the basis of his sex with respect to pay, terms, conditions, or privileges of employment, and otherwise adversely affected Ashe's status as an employee on the basis of his race in violation of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

30. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

31. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT SIX
### DISCRIMINATION ON THE BASIS OF SEX IN THE TERMINATION OF EMPLOYMENT IN VIOLATION OF THE THE EQUAL PAY ACT OF 1963, and the WHISTLE BLOWER ACT.

32. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

33. In the constructive termination of Ashe's employment by Giant, Giant discriminated against Ashe on the basis of his race with respect to pay, terms, conditions, or privileges of employment, and otherwise adversely affected Ashe's status as an employee on the basis of his race in violation of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

34. This conduct by Giant was actuated by ill will, recklessness, willful disregard of Ashe's rights, wantonness,

oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of Section 102(b)(1) of the Civil Rights Act of 1991, the Equal Pay Act, and the Whistle Blower Act.

35. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT SEVEN

### CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

36. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

37. Ashe was constructively terminated due to the discriminatory, harassing and retaliatory actions of the agents and supervisory employees of Giant. These agents and supervisory employees of Giant intended to constructively plan and manage Ashe's termination. Under these circumstances, Ashe's termination constitutes a constructive discharge of Ashe by Giant.

38. Giant's constructive termination of Ashe violated public policy, as articulated in inter alia, the Equal Pay Act of 1963, as amended., 42, U.S.C. Section 2000e et seq.; and the Equal Protection Clause of the Fourteenth Amendment to the Constitution

of the United States.

39. Giant's conduct in so doing evidenced ill will, recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

40. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

## COUNT EIGHT

### BREACH OF THE EMPLOYMENT CONTRACT

41. The allegations of the foregoing paragraphs are incorporated as if reallege herein.

42. Giant breached the employment contract with plaintiff Ashe due to the discriminatory, harassing and retaliatory actions of the agents and supervisory employees of Giant. These agents and supervisory employees of Giant intended to constructively plan to breach plaintiff Ashe's employment contract. Under these circumstances, Ashe's termination constitutes a breach of the employment contract with plaintiff Ashe by Giant.

43. Giant's conduct in so doing evidenced ill will,

recklessness, willful disregard of Ashe's rights, wantonness, oppressiveness, maliciousness, and a spirit of mischief. Giant knowingly and willfully engaged in these discriminatory practices with malice and reckless indifference to Ashe's federally protected rights, within the meaning of the Equal Pay Act of 1963, as amended, and the Whistle Blower Act.

44. As a direct and proximate result of this harassment, discrimination, and retaliation, Ashe has suffered and continue to suffer injury including past and future loss of income and benefits of employment, other past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and other injury.

### PRAYER FOR RELIEF

WHEREFORE plaintiff Kareem Ashe request that this Court enter judgement in his favor, and against defendant Giant of Maryland, LLC., et al., on the above Counts, and on each of them, and further:

(a) *Award Ashe compensatory damages of $300,000 plus demonstrated past pecuniary damages on each of the above stated Counts One through Four, and compensatory damages of $750,000 on each of the above stated Counts Five through Seven; and in addition*

(b) *Award Ashe punitive and exemplary damages of $300,000 on each of the above stated Counts One through Four, and punitive and exemplary damages of $750,000 on each of the above stated Counts Five through Seven; and*

in addition

(c) Award Ashe appropriate front pay and back pay, including lost income and benefits of employment both past and future; and in addition

(d) Award Ashe appropriate injunctive relief, including reinstatement; and in addition

(e) Award Ashe a reasonable attorney's fees and costs of this action including expert fees, pursuant to 42 U.S.C. Section 2000e-5(k); and in addition

(f) Revoke all permits, licenses, franchises, benefits, exemptions or advantages issued by or on behalf of the government of the United States of America to defendant; and in addition

(g) Award Ashe such other and further relief as may be appropriate in the circumstances.

## JURY DEMAND

PLAINTIFF KAREEM ASHE DEMANDS A TRIAL BY JURY.

Respectfully submitted November 7, 2005,

*/s/ Kareem Ashe*

Kareem Ashe
Pro se Plaintiff

*/s/ Kareem Ashe*

5906 Clay St. N.E. 20019
Washington D.C.
(202) 396-8701

# EXHIBIT A

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kareem A. Ashe<br>6104 Seat Pleasant Drive<br>Seat Pleasant, MD 20743 | From: | Baltimore District Office<br>10 South Howard Street<br>3rd Floor<br>Baltimore, MD 21201 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 120-2005-03431 | Regina Davis, Investigator | (410) 962-3852 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_signature_
Marie M. Tomasso,
Acting Director

OCT 0 7 2005
(Date Mailed)

Enclosure(s)

cc: Bill Harris
Fair Employment Manager
GIANT FOOD
6400 Sheriff Road
Dept. D-595
Landover, MD 20785

05 2299
**FILED**
NOV 2 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT