IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kareem Ashe, <br> 5906 Clay Street, N.E. <br> Washington, D.C. 20019 <br><br>       Plaintiff, <br><br>       v. <br><br> Giant of Maryland, LLC, <br> 6300 Sheriff Road <br> Landover, Maryland 20785 <br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05CV2299 (JDB) |

**DEFENDANT GIANT'S MOTION FOR
EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, Giant of Maryland, LLC ("Giant" or "the Company"), hereby moves for an extension of time to plead or otherwise respond to the Complaint in this action, up to and including January 24, 2006, pursuant to Fed. R. Civ. P. 6(b)(2). The extension is requested as Giant did not receive actual knowledge of the existence of the Complaint in this action until January 4, 2006, due to excusable neglect, and it requires the additional time to prepare an appropriate response to the Complaint.

The grounds for this motion are set forth in detail in the attached Statement of Points and Authorities and the Declaration of Bart P. Plano, submitted herewith.

In accordance with L.Cv.R. 7(m), counsel states that it attempted in good faith to determine whether *pro se* plaintiff Kareem Ashe opposes this motion, by telephoning him at the number appearing on the Court's docket. The call was answered by an individual named

1

"Malcolm," who stated that Mr. Ashe was not there, Mr. Ashe did not live there (although he was occasionally present), and he did not know when Mr. Ashe would return. Accordingly, counsel was unable to determine plaintiff's position on this motion.

## **CONCLUSION**

WHEREFORE, defendant Giant of Maryland LLC respectfully requests that the Court grant its motion for extension of time and enter an order extending the time for defendant to answer or otherwise respond to the complaint up to and including January 24, 2006.

Dated: January 6, 2006

     /s/ Henry A. Platt
Edward R. Levin (D.C. Bar No. 7823)
Henry A. Platt (D.C. Bar. No. 425994)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Ste. 1000
Washington, DC 20037-1922
(202) 333-8800

Attorneys for Defendant
Giant of Maryland, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANT GIANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** was served by first class U.S. Mail, postage prepaid, this 6th day of January, 2006, on Plaintiff, *pro se*, addressed as follows:

>Kareem Ashe
>5906 Clay Street, N.E.
>Washington, D.C.  20019

>_____/s/ Henry A. Platt_____

*BP0483*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kareem Ashe, | ) | |
| 5906 Clay Street, N.E. | ) | |
| Washington, D.C. 20019 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05CV2299 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| Giant of Maryland, LLC, | ) | |
| 6300 Sheriff Road | ) | |
| Landover, Maryland 20785 | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GIANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Defendant, Giant of Maryland, LLC ("Giant" or "the Company"), has moved for an order extending the time for it to plead or otherwise respond to the Complaint in this action, up to and including January 24, 2006, pursuant to Fed. R. Civ. P. 6(b)(2). Giant submits this Statement of Points and Authorities in support of that motion.

The extension is requested as Giant did not receive actual knowledge of the existence of the Complaint in this action until January 4, 2006, due to excusable neglect, and it requires the additional time to prepare an appropriate response to the Complaint.

In accordance with L.Cv.R. 7(m), counsel states that it attempted in good faith to determine whether *pro se* plaintiff Kareem Ashe opposes this motion, by telephoning him at the number appearing on the Court's docket. The call was answered by an individual named "Malcolm," who stated that Mr. Ashe was not there, Mr. Ashe did not live there (although he

was occasionally present), and he did not know when Mr. Ashe would return.  Accordingly, counsel was unable to determine plaintiff's position on this motion.

## STATEMENT OF FACTS

On December 8, 2005, Giant's registered agent for service of process, CSC Lawyers Incorporating Service in Baltimore, Maryland, sent Giant a faxed copy of a summons and complaint served by mail upon it in the case of *Kareem Ashe v. Giant of Maryland, LLC*, Civil Action No. 05-9364, filed in the Superior Court of the District of Columbia, Civil Division ("Superior Court Action").  Declaration of Bart P. Plano in Support Of Defendant Giant's Motion For Extension Of Time To Respond To Complaint ("Plano Decl.") ¶ 3.

On December 28, 2005, Giant removed the Superior Court Action to this Court, where it was assigned Civil Action No. 05-CV-2473 (JDB).  Plano Decl. ¶ 4.  On January 4, 2006, upon review of the Court's electronic docket, Giant's counsel discovered that a second civil action had been filed by Mr. Ashe against Giant.  Plano Decl. ¶ 5.  That action, *Kareem Ashe v. Giant of Maryland, LLC*, was apparently filed in this Court on November 29, 2005 and assigned Civil Action No. 05-CV-2299 (JDB).  Until January 4, 2006, Giant was wholly unaware of the existence of Civil Action No. 05-CV-2299 (JDB).  Plano Decl. ¶ 5.

On January 4, 2006, Giant's counsel also discovered that an executed Notice and Acknowledgment of Receipt of Summons and Complaint by Mail was filed in this action on or about December 21, 2005, with an attached postal form acknowledging receipt of a document on December 8, 2005.  The Notice and Acknowledgement Form was addressed to Giant of Maryland LLC at the address of its registered agent, CSC Lawyers Incorporating Service in Baltimore, Maryland.  Plano Decl. ¶ 6.

Upon learning of the existence of this action and the alleged service of process, Giant promptly investigated whether Giant had actually received a copy of the summons and complaint in this action from CSC. Plano Decl. ¶ 7. Giant determined that it did not receive a copy of these documents. *Id.* Giant then contacted CSC to investigate further. CSC informed Giant that its staff routinely signs numerous postal receipts at one time, and could not confirm whether it had actually received a copy of the summons and complaint in Civil Action No. 05-CV-2299 (JDB). *Id.* CSC further informed Giant that it had no record of the federal summons and complaint and had no record of transmitting any such documents to Giant. *Id.*

Giant continues to investigate this matter, and speculates that there may have been confusion in the transmittal of the summons and complaints in both the D.C. Superior Court and Federal Court actions, as both were allegedly received by CSC on the same day, December 8, 2005. Plano Decl. ¶ 8.

Giant fully intends to defend itself in this action. If Giant had actual knowledge of the existence and service of the summons and complaint, it would have filed a timely and appropriate response in this Court, as Giant did in the Superior Court Action removed to this Court, Civil Action No. 05-CV-2473 (JDB). Plano Decl. ¶ 9. On January 5, 2006, Giant filed a timely Motion to Dismiss in Civil Action No. 05-CV-2473 (JDB). *Id.*

## ARGUMENT

Assuming, *arguendo*, that plaintiff properly served defendant's registered agent for service of process with a copy of the summons and complaint in this action on December 8, 2005, as reflected in the Return of Service by mail filed with the Court, defendant was required to answer or otherwise respond to the complaint on or before December 28, 2005, in accordance with Fed. R. Civ. P. 12. Giant requests an extension of time until January 25, 2006, twenty days

3

after it received actual notice of the existence of the complaint in this action as provided in Fed. R. Civ. P. 12, so that it may prepare an appropriate response for the Court.

Federal Rule of Civil Procedure 6(b)(2) authorizes the Court to extend the time for a party to plead or otherwise respond to a complaint after the specified time period has expired "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). Here, Giant's failure to timely response is plainly excusable.

The standard for "excusable neglect" comes from *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), where the Court held that this "equitable" inquiry should rest on:

> the danger of prejudice ... , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id*. at 395; *see also Smith v. District of Columbia,* 430 F.3d 450 n.5 (D.C. Cir. 2005); *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001). Here, there is no danger of prejudice to the plaintiff; the delay is minimal and will have no appreciable impact on the judicial proceedings, as no scheduling order has yet been entered; the reason for the delay was not within the reasonable control of Giant, as there appears to have been an understandable mix-up with its registered agent for service of process due to the confusion of receiving two virtually identical complaints from the plaintiff simultaneously; and Giant at all times acted diligently and in good faith upon discovering the existence of the present action.

### CONCLUSION

For all the foregoing reasons, defendant Giant of Maryland LLC respectfully requests that the Court grant its motion for extension of time and enter an order extending the time for defendant to answer or otherwise respond to the complaint up to and including January 24, 2006.

Dated: January 6, 2006

          /s/ Henry A. Platt
Edward R. Levin (D.C. Bar No. 7823)
Henry A. Platt (D.C. Bar. No. 425994)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Ave., N.W., Ste. 1000
Washington, DC 20037-1922
(202) 333-8800

Attorneys for Defendant
Giant of Maryland, LLC

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **DEFENDANT GIANT'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** was served by first class U.S. Mail, postage prepaid, this 6th day of January, 2006, on Plaintiff, *pro se*, addressed as follows:

> Kareem Ashe
> 5906 Clay Street, N.E.
> Washington, D.C. 20019

                                    _____/s/ Henry A. Platt_____

*BP0487*