IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kareem Ashe, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05CV2299 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| Giant of Maryland, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF BART P. PLANO**
**IN SUPPORT OF DEFENDANT GIANT'S MOTION TO DISMISS**

I, Bart P. Plano, hereby declare as follows:

1)  I am a competent adult resident of the State of Maryland. I make this declaration from my own personal knowledge, and information obtained upon investigation in the regular course of my employment.

2)  I am employed as a Fair Employment Compliance Analyst by Giant Food LLC, which owns the operating company Giant of Maryland LLC that operates and manages all retail food stores in the Maryland, Virginia, Delaware and Washington, D.C. areas, collectively known as "Giant." I have been employed in this capacity since March 1, 2000, and in the regular course of my duties have become thoroughly familiar with matters relating to the employment and termination from employment of Kareem Ashe.

3)  Mr. Ashe applied for and was hired by Giant on September 25, 2003 in the State of Maryland and was assigned to work as a part-time cashier in its retail grocery store numbered at the time as # 247, located at 10480 Campus Way South, Largo, Maryland, pursuant to the

terms of a collective bargaining agreement between Giant and United Food and Commercial Workers Union, Local 400, AFL-CIO-CLC ("Local 400" or "the Union").  A true copy of the pertinent parts of the Collective Bargaining Agreement in effect at the time is attached hereto as Exhibit A.  While employed by Giant, plaintiff was at all times a member of the bargaining unit represented by Local 400 as its exclusive bargaining agent.

      4)      Mr. Ashe requested and was given a job transfer from the job classification of Cashier to the job classification of Seafood Clerk at the same rates of pay and benefits, also covered by the Local 400 collective bargaining agreement, on or about March 13, 2004, and he continued to work at Giant store number 247 (which was subsequently redesignated as store number 347) in Largo, Maryland.

      5)      On March 28, 2004, Giant entered into a successor collective bargaining agreement with UFCW Local 400 to replace the prior agreement and all terms and conditions of employment applicable to Ashe continued under the successor agreement, the pertinent parts of which are attached hereto as Exhibit B.

      6)      Wages and employee classifications for bargaining unit employees, such as Mr. Ashe, are governed by Article 7 of the current CBA, and the wage scales are set by the Agreement.  Employees of both sexes perform the job duties of Mr. Ashe's job classification, and the wage scales paid for bargaining unit employees in Mr. Ashe's job classification apply equally to employees of both sexes.  Race plays absolutely no role in wages.

      7)      Mr. Ashe was terminated from his job at store number 347 in Largo, Maryland, on June 24, 2005, pursuant to the Absentee Control Program negotiated between Local 400 and Giant regulating excessive employee absenteeism.  All decisions concerning Mr. Ashe's employment, and termination of employment, were made in the State of Maryland.  Mr. Ashe

2

never worked at any Giant store in the District of Columbia.  Mr. Ashe's sex and race played absolutely no role whatsoever in any employment decision made by Giant; Mr. Ashe's alleged "opposition" to any alleged unlawful practice or alleged participation in any EEOC process played absolutely no role whatsoever in any employment decision made by Giant.

8)     Pursuant to the exclusive, final and binding grievance and arbitration procedure under Article 21 of the collective bargaining agreement, the Union filed a grievance on Mr. Ashe's behalf concerning his termination.  A grievance meeting was commenced on July 14, 2005, and abruptly terminated when Mr. Ashe indicated to Giant and Local 400 that he did not wish to pursue his rights other than to obtain accrued vacation pay.  At no time did Local 400 ever demand arbitration of any grievance relating to Mr. Ashe under the collective bargaining agreement.

9)     On or about October 12, 2005, Giant received a Notice of Charge of Discrimination from the U.S. Equal Employment Opportunity Commission ("EEOC"), enclosing a Charge of Discrimination allegedly executed by Kareem Ashe on September 15, 2005, bearing EEOC Charge No. 120-2005-03431.  The Charge states that it is based on "race" discrimination, "retaliation," and "unlawful termination."  It does not allege sex discrimination in any way.  A true and correct copy of the Notice of Charge with attached Charge of Discrimination is attached hereto as Exhibit C.  Giant has never been served with and has no knowledge of any other Charge of Discrimination filed by Mr. Ashe.

10)    Giant subsequently received a Dismissal and Notice of Rights from the EEOC, dated October 7, 2005, stating that the EEOC was unable to conclude that the information obtained by it established a violation of the statutes.  A true and correct copy of the Dismissal and Notice of Rights received by Giant is attached hereto as Exhibit D.

3

11) Giant has never been served with and has no knowledge of a Charge of Discrimination Mr. Ashe filed with any State, District of Columbia or local fair employment practices agency.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of January, 2006.

Bart P. Plano

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DECLARATION OF BART P. PLANO IN SUPPORT OF GIANT OF MARYLAND LLC'S MOTION OF TO DISMISS** was served by first class U.S. Mail, postage prepaid, this 24th day of January, 2006, on Plaintiff, *pro se*, addressed as follows:

>Kareem Ashe
>5906 Clay Street, N.E.
>Washington, D.C.  20019

           _____/s/ Henry A. Platt_____

*BP2871*