EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

| | |
|---|---|
| Bill Harris<br>Fair Employment Manager<br>GIANT FOOD<br>6400 Sheriff Road<br>Dept. D-595<br>Landover, MD 20785 | **PERSON FILING CHARGE**<br><br>Kareem A. Ashe<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>120-2005-03431 |

Fair Employment Dept.
OCT 12 2005

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act         [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act  [ ] The Equal Pay Act

Store #347

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Suzanne Kotrosa,                         Baltimore District Office
Intake Supervisor                        10 South Howard Street
EEOC Representative                      3rd Floor
Telephone: (410) 962-6605                Baltimore, MD 21201

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Sep 28, 2005 | Marie M. Tomasso,<br>Acting Director | Marie M. Tomasso |



*Enclosure with EEOC*
*Form 131 (5/01)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|
| ☐ FEPA  ☒ EEOC | 120-2005-03431 |

and EEOC

State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.): Kareem A. Asha

**Street Address**: 6104 Seat Pleasant Drive Seat Pleasant, MD 20743

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: GIANT FOOD
**No. Employees, Members**: 500 or More
**Phone No.**: (301) 341-4100

**Street Address**: 8300 Sheriff Road, Lanover, MD 20785

**DISCRIMINATION BASED ON** (Check appropriate box(es)):
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☒ OTHER (Specify below)

Unlawful Termination

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 1/04    Latest: 6/05

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

Please see attachments (a).

Date: 9-15-05

Charging Party Signature: [signed] Kareem Asha

6104 Seat Pleasant Drive
Seat Pleasant, MD 20743

Regina Davis
City Crescent Building
10 South Howard Street
3rd Floor
Baltimore, MD 21201

Dear Regina Davis:

Subject: Right to Sue Letter

On December 4, 2004, I received my work schedule for the week of Dec. 5, - Saturday, Dec. 11, 2004. On Dec. 11, 2004, I was scheduled to work during the hours of 2:00pm to 8:00pm. At 4:30pm, I was informed by my Dept. Mgr., that the other Seafood Clerk whom was schedule to closed called in to report he could not make it to work. My Dept. Mgr. told me "you know they can make you stay". I immediately informed my Dept. Mgr. that I had plans and could not stay past 8:00pm. At 5:00pm later that evening, my Dept. Mgr. relieved me for my 15. Min. break. She informed me to go upstairs to meet with Rodney Harris the Asst. Store Mgr. before I take my break. During my meeting with Rodney Harris, he informed me that the other Seafood Clerk could not make it to work and told me that he could make me stay. I informed him that I could not work late because I have other plans. I also asked Rodney Harris to show me in the employee hand book where I could be forced to work late. Rodney Harris stated that he does not have that information and unfortunately, we don't have a handbook. I asked Rodney Harris, could you show me before I get off work? Rodney Harris said that he does not have time and that he does not have to show me in writing. I left work at my normal schedule time of 8:09pm as I have made plans prior to coming to work.

On December 12, 2004, I arrived at work at 3:00pm. I was instructed by the Front-in Mgr., not to punch in. Approximately 5 min. later, the Front-in Mgr. told me to punch in and go upstairs to see Rodney Harris. While meeting with Rodney Harris I was given a Disciplinary Notice for leaving before 9:00pm

On December 13, 2004, I wrote a written response to the Disciplinary Notice I received on Dec. 12, 2004 to Rodney Harris informing him that my employee rights were violated because he tried to force me to work late and when I left on time, he reprimanded me without cause.

On Sunday, December 19, 2004 my civil rights were violated by Rodney Harris, by demanding that I remove my scull cap from my head. His demands were humiliating and demeaning and seen by several customers. Additionally, Rodney Harris unlawful demands resulted in loss of pay and a written reprimand.

On January 1, 2005, I received a Disciplinary Notice stating that I was in Violation of Company Policy for wearing a "Doo Rag" to work.

On Sunday, January 02, 2005, I provided a written response to the Disciplinary Notice I received on Dec. 19, 2004 and to respond to the Disciplinary Notice I received on Jan. 1, 2005 regarding Violation of Company Policy. In my written response I stated: On Dec. 19, seven (7) days after responding to a Disciplinary Notice I received from you dated Dec. 12, 2004. I responded to you in a written complaint dated December 13, 2004 that you were violating my employee rights by forcing me a Part Time employee to work extra hours without any advance notice. As a direct result of my responding to the above mentioned Disciplinary Notice dated December 12, 2004. It is my belief that I am now being retaliated against by Rodney Harris, Asst. Manager. I also stated to Rodney Harris in my response that to add insult to injury, your Disciplinary Notice dated Dec 19, 2004 states "On Sunday 12/19/04 Kareem was instructed 3X by management to remove his "Doo-Rag" and follow the company policy of wearing his food safety hat." Being an African American Male in the 21st Century, it is widely known that both Male and Female African American's wear African American hairstyles such as corn rows, braids, locks, etc. It is also widely known and an n excepted fact that the Doo-Rag that you so vividly stated was used during the reconstruction period for former Slaves who wanted their hair to look like White People. The Doo-Rag is a square shaped cloth that's used to keep a Konk (old Negro Hairstyle) in place. I don't own a Doo-Rag. As African American's we are now throwing away any shackles of slavery (Doo-Rag). Being the proud African American Male that I am. I proudly wear corn-rows exposing my truest self, which is the right of any African American Citizen.

To prevent fish scales from getting into my hair, I wear a traditional skull cap. The Giant Food Safety Hat goes on top of my skull cap. The Giant Safety Hat breaks my hair. Putting the skull cap on first protects my hair. I have been wearing a skull cap under my Giant Safety Hat for fifteen (15) months without a problem until I responded to your Disciplinary Notice dated December 12, 2004. After responding to Rodney Harris Disciplinary Notice dated December 12, 2004, I am now being retaliated against and feel like my Civil Rights have been grossly violated by Rodney Harris

On May 2, 2005, I informed Giant Food that I need to leave work early to file my complaint with EEOC. After leaving work and visiting the Washington DC Field Office, I attempted to file my complaint. As a result of my attempting to file an EEO Complaint against Giant Food, on May 3, 2005, after returning to work, I received two (2) reprimands for leaving work to file my complaint.

On the week ending June 19 – June 25, 2005 I was terminated from Giant Food for gross mis-conduct. This was later overturned by appeal in Sept. 2005 by the Office of Employment Services.

Sincerely,

Kareem Ashe